# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

BRETT WAYNE EVERAGE,                   )
                                       )
      Plaintiff                        )
                                       )   **Case No.:**
    v.                               )
                                       )   **COMPLAINT AND DEMAND FOR**
NATIONAL RECOVERY AGENCY,              )   **JURY TRIAL**
                                       )
      Defendant                        )   **(Unlawful Debt Collection Practices)**

## COMPLAINT

BRETT WAYNE EVERAGE ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NATIONAL RECOVERY AGENCY ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business and has its principal office in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

5.      Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19115.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.      In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.      Defendant is a national debt collection company with its corporate headquarters located at 2491 Paxton Street, Harrisburg, Pennsylvania 17111.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

2

# FACTUAL ALLEGATIONS

11.    At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

12.    Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

13.    The debt Defendant was seeking to collect, a hospital bill from Nazareth Hospital, arose out of transactions that were primarily for personal, family, or household purposes.

14.    Beginning in or around March 2013 and continuing through December 2013, Defendant continuously and repeatedly contacted Plaintiff on his cellular telephone seeking and demanding payment of an alleged debt.

15.    Defendant contacted Plaintiff, on average, two (2) to three (3) times a day, resulting at times, on average, more than ten (10) collection calls a week, in its attempts to collect an alleged debt.

16.    At no time prior to contacting him, during its first conversation with him, or within five (5) days of its initial communication with him, did Defendant inform Plaintiff that unless disputed within thirty (30) days the debt would be assumed to be valid; that if he notified the collector in writing within thirty (30) days that he disputed the debt, the collector would obtain verification of he debt or

a copy of the judgment and mail a copy to him; or that if he notified the debt collector in writing within thirty (30) days, the debt collector would provide him with the name and address of the company to whom he originally owed the alleged debt.

17.   On more than one occasion, Plaintiff answered Defendant's calls and informed them that he was unemployed and was unable to pay the alleged debt.

18.   Plaintiff was unable to predict when he would have future employment prospects.

19.   However, Defendant insisted that Plaintiff make a payment arrangement and threatened to keep calling until he paid the alleged debt, to which Plaintiff told Defendant to stop calling.

20.   Nevertheless, Defendant persisted in calling Plaintiff on his cellular telephone in its attempts to collect the alleged debt.

21.   When calling Plaintiff, Defendant did not possess any information to contradict Plaintiff's statements that he was unemployed and that he did not have the financial resources to pay the alleged debt.

22.   Further, Defendant did not possess any information that Plaintiff's financial situation had changed.

23.   Additionally, the debt that Defendant was seeking to collect is a debt which Plaintiff disputes owing, as at the time the bill was incurred, Plaintiff was

on government assistance and understood that the government's medical assistance plan would be paying the bill.

24. Most recently, Defendant called Plaintiff on his cellular telephone on December 23, 2013, at 4:43 p.m.; December 26, 2013, at 1:28 p.m.; and December 31, 2013, at 12:51 p.m.

25. Upon information and belief, Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying the alleged debt.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

26. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

    c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA

5

by continuously contacting Plaintiff, on average, more than two
(2) times per day, more than ten (10) times per week, and failing
to stop calling him after being told to stop, in attempts to collect a
consumer debt with the intent to annoy, abuse, and harass
Plaintiff.

## COUNT II

27.    Defendant's conduct, as detailed in the preceding paragraphs, violated
15 U.S.C. §§ 1692e and 1692e(2)(A) of the FDCPA.

   a. A debt collector violates § 1692e of the FDCPA by using any
      false, deceptive or misleading representations or means in
      connection with the collection of any debt.

   b. A debt collector violates § 1692e(2)(A) of the FDCPA by falsely
      representing the character, amount or legal status of any debt.

   c. Here, Defendant violated §§ 1692e and 1692e(2)(A) of the FDCPA
      by representing that Plaintiff owed money to Nazareth Hospital,
      when his bill should have been covered paid under his government
      assistance plan.

## COUNT III

28.    Defendant's conduct, detailed in the preceding paragraphs, violated 15
U.S.C. §§ 1692f and 1692f(1).

6

a. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

b. A debt collector violates § 1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

c. Here, Defendant violated §§ 1692f and 1692f(1) of the FDCPA when it failed to update its records to stop calling Plaintiff after being told to stop calling him; its continued calls to him despite having been told that he was unemployed and did not have the financial resources to pay the debt; and its attempts to collect an amount from him that was not owed by him.

## COUNT IV

29.   Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

a. A debt collector violates § 1692g(a) of the FDCPA by failing, within five days after the initial communication with a consumer in connection with the collection of a debt, to send the consumer a written notice containing (1) the amount of the debt; (2) the name of

7

the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated § 1692g(a) of the FDCPA by failing to send Plaintiff written notification of his rights to dispute the debt, request verification of the debt and/or to request information about the creditor within five (5) days of its initial communication with him.

WHEREFORE, Plaintiff, BRETT WAYNE EVERAGE, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

8

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, BRETT WAYNE EVERAGE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: April 28, 2014                    By: _____
                                        CRAIG THOR KIMMEL
                                        Attorney ID No. 57100
                                        Kimmel & Silverman, P.C.
                                        30 E. Butler Pike
                                        Ambler, PA 19002
                                        Phone: (215) 540-8888
                                        Fax: (877) 788-2864
                                        Email: kimmel@creditlaw.com

9